Conway B, J. This was a suit on a mortgage, instituted in February 1842 by petition in the name of Barraque & Mason for -the use of William E. Woodruff against John Manuel to foreclose his equity of redemption in the mortgaged property. The petitioners stated that on the 7th of October 1837 Manuel gave them a mortgage on 320 acres of land and saw-mill &c. to secure the payment to them of $3,000 due first of August 1838, that the $3,000 with the interest remained wholly unpaid, and they prayed for judgment against Manuel for the same and that his equity of redemption in the mortgaged property might be foreclosed and the property sold to satisfy the amount due them, and for general relief. Manuel, in his answer, admitted that he executed the mortgage, but alleged that he did so to save petitioners harmless as his securities on a note for $>500 to the State Bank and on a $2,000 note to the Real Estate Bank and that it was executed on no other consideration; that the $2,000 note to the Real Estate Bank had never been discounted, and that petitioners had not been subjected to any responsibility on account of said note, that he had reduced the note to the State Bank by payments to $225, that the same was not then due, and was the only amount petitioners were responsible for intended to be embraced in the mortgage, and that they had not paid one cent as his security, and prayed his answer be taken as a cross bill against them, and that they answer if the consideration of the mortgage was not as he had stated ; if not, what it was and what debts it was intended to secure and whether all the facts of the case were not omitted in drawing the mortgage through ignorance or mistake, and if the note to the Real Estate Bank was ever negotiated and if the note to the State Bank had. not been reduced by payments to $225, and if it was then due. The petitioners answered that the mortgage was intended as security for the payment of the $500 note, the $2,000 note and a certain obligation executed by Barraque and Manuel to William E. Wood-ruff (and which by agreement Manuel was to pay) and $150 for hire of a negro and balance of a store account due Barraque from Manuel. They admitted that the mortgage was loosely drawn but denied that there was any fraud or mistake about the matter, that it was drawn contrary to the instructions or understanding of the parties. They admitted that they had not suffered by their secu-rityship for Manuel, that he had reduced the $500 to $225 and that it was not due, that the $2,000 note never was discounted and that they had no claim therefor, and that the petitioner Mason had no interest whatever in the mortgage, except so far as it was security for the residue of the debt to the State Bank, but they insisted on a decree against Manuel for the amount due Woodruff and for the $150 alleged as due Barraque. Manuel excepted to their answer, and assigned among other causes that the individual claim of Barra-que was inconsistent with the mortgage and its terms, and that there was no allegation of fraud or mistake in omitting to specify it, and that no judgment or decree could be rendered in behalf of plaintiffs for a debt due separately to Barraque, and that Mason was an improper party, having no connexion with the debt alleged to be due. The court sustained the exceptions and on plaintiffs’ declining to amend dismissed the bill, and on their prayer granted them an appeal to this court. The plaintiffs did not pretend to set up in their petition any individual demand against Manuel. Nor did they make a simple allegation intimating a.separate indebtedness from him to Barraque or of his undertaking to settle with Woodruff. They presented these matters for the first in their answer to Manuel’s cross bill and even then were inconsistent about them. The mortgage contained nothing in reference to them and they denied that it was drawn contrary to the instructions or understanding of the parties, or that there was any fraud or mistake about it; and yet they allege that it was intended to secure these debts. To obtain the favorable consideration of a court of equity it is not only necessary to come into it with clean hands but with an honest tongue. If it be true that the mortgage was intended also to secure the payment of the debts due to Barraque and Woodruff, and it were desired to subject the mortgaged property for their payment it should have been so stated and prayed in their original petition (or rather in a regular bill in chancery) that the court might have been in legitimate possession of the proper premises upon which to found such a decree. For though the answer of plaintiffs to the interrogatories of defendant was evidence in the same manner as the defendant’s answer to the petition, yet they could not thus make out a new case, or introduce new matter to bolster up their original petition. No relief could be granted them for matters not charged in their petition, although they might be apparent from other facts of the pleadings and evidence. The general prayer for relief could not avert the consequences of omitting the proper allegations in the petition. For under such prayer the court could grant only the relief that the case stated would justify, and could not allow a petition or bill framed for one purpose to answer another, especially if the defendant might be surprised or prejudiced thereby. Story’s Eq. Pl. 42 and 214. The petitioner Mason it appears had no interest involved in the suit and was therefore improperly made a party to it. If Woodruff had interest in the subject matter of the suit he should have been made a party. This proceeding under our statute is, in the main, a chancery proceeding and must be conducted according to the rules of equity pleading. It is incompetent and unavailing therefore to sue for the purpose,of foreclosing a mortgagor's equity of redemption in the name of the mortgagees for the use of another person. A court of chancery could take no cognizance of such a beneficiary, Decree affirmed.-